**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION IN LIMINE** |
| vs. | ) | |
| | ) | |
| William Dean Sandland, a/k/a | ) | |
| Billy Dean Sandland, a/k/a | ) | Case No. 1:07-cr-100 |
| Billy Sandland, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is defendant William Sandland's "Motion in Limine" filed on February 5, 2008. The Government filed a response in opposition on February 6, 2008. For the reasons set forth below, the Court denies the motion.

**I.     BACKGROUND**

The defendant, William Sandland, was indicted on two counts -- possession with intent to distribute a controlled substance and possession of a firearm by an unlawful user of a controlled substance. The indictment alleges that on or about November 30, 2007, Sandland knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. See Docket No. 1. On February 5, 2008, Sandland filed a motion in limine requesting that the Court exclude evidence of other crimes, wrongs or acts committed by Sandland. See Docket No. 20. Specifically, Sandland seeks to exclude evidence of the controlled purchase of methamphetamine by Lisa Ireland from Sandland on November 27, 2007, testimony by Tim Birk that he received methamphetamine from Sandland

regularly from November 2006 through February 2007, Sandland's statement to law enforcement officers that "I sell," or words to that effect, and statements of Laura Eve McLaughlin.

The Government has indicated its intent to introduce evidence concerning the following incidents:

(1) Sandland's distribution of two eight balls of methamphetamine on November 27, 2007, to Lisa Ireland that occurred at Sandland's residence;

(2) Testimony of Timothy Birk that he received methamphetamine from Sandland from November 2006 through February 2007; and

(3) Statements made by Sandland on November 20, 2007, after being advised of his rights, acknowledging his possession of all the methamphetamine in his house, that he had been receiving methamphetamine from Colorado in large quantities, and that he had been selling methamphetamine.

See Docket No. 21, p. 1. The Government stated that it does not intend to call Laura Eve McLaughlin. Therefore, the Court need not discuss the admissibility of McLaughlin's statements.

## II.   **LEGAL DISCUSSION**

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b) does allow the admission of such evidence for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). This evidence is admissible if it is: "1) relevant to a material issue; 2) similar in kind and close in time to the crime charged; 3) proven by a preponderance of the evidence; and 4) if the

potential prejudice does not substantially outweigh its probative value." United States v. Voegtlin, 437 F.3d 741, 745 (8th Cir. 2006). The Court has broad discretion in making evidentiary rulings, including rulings on the admissibility of prior wrongful acts. United States v. Bowman, 798 F.2d 333, 337 (8th Cir.1986).

It is well-established that evidence of past drug involvement may be relevant to establish knowledge and intent for newly-charged drug offenses. United States v. Ziesman, 409 F.3d 941, 952 (8th Cir. 2005). "[E]vidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." United States v. Thomas, 398 F.3d 1058, 1062 (8th Cir. 2005). Evidence of possession is admissible to show knowledge and intent to distribute controlled substances. United States v. Thomas, 398 F.3d 1058, 1062 (8th Cir. 2005) (holding that evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element).

### A.    EVIDENCE OF AN UNCHARGED INSTANCE OF DELIVERY

Sandland argues that prior acts evidence of his delivery of two eight balls of methamphetamine to Lisa Ireland on November 27, 2007, is inadmissible because the Government created the intent to distribute, and because Sandland has not been charged based on those actions. Sandland argues that his possession of two baggies of methamphetamine of 27.4 grams each is consistent with personal use and that the intent to distribute does not exist beyond a reasonable doubt. Sandland also argues that the Government should not be allowed to use this evidence to

prove that he had the propensity to deliver drugs. He contends that the probative value of the evidence is substantially outweighed by the potential for unfair prejudice, confusion of the issues, or the likelihood for misleading the jury and that such evidence is inadmissible under Rule 403 of the Federal Rules of Evidence.

The Government contends that evidence of delivery of two eight balls of methamphetamine to Lisa Ireland several days before Sandland's arrest is inextricably linked to the current charge. The evidence will allegedly show that Lisa Ireland purchased two eight balls of methamphetamine from Sandland at Sandland's house. Sandland was arrested three days later and a search of his house revealed the methamphetamine underlying his current charges.

The Court finds that evidence of Sandland's delivery of methamphetamine to Lisa Ireland on November 27, 2007, is part of the totality of the circumstances leading up to Sandland's arrest and indictment and such evidence is admissible under Rule 404(b). The events of November 27, 2007, are evidence of past drug involvement which can be relevant to establish knowledge and intent for newly charged drug offenses. United States v. Ziesman, 409 F.3d 941, 952 (8th Cir. 2005). The Court further finds that the probative value of such evidence outweighs the danger of unfair prejudice, confusion of the issues, or misleading of the jury.

### B.     EVIDENCE OF DELIVERY TO TIMOTHY BIRK

Sandland argues that the approximate one-year lapse in time between the uncharged instances of delivery of methamphetamine to Timothy Birk renders the testimony by Birk inadmissible as too remote in time. Sandland also argues that the probative value of the evidence is substantially outweighed by the potential for unfair prejudice, confusion of the issues, or the

likelihood of misleading the jury. The Government argues that the prior acts of delivery of methamphetamine to Timothy Birk, are both similar and recent in time to the charges before Sandland.

There is no question that Sandland's previous delivery of methamphetamine is the type of evidence that Rule 404(b) allows to show knowledge and intent. See United States v. Ziesman, 409 F.3d 941, 952 (8th Cir. 2005) ("It is well-established that evidence of past drug involvement can be relevant to establish knowledge and intent for newly charged drug offenses."). However, the question remains as to whether the prior acts are too remote in time to be relevant. The Eighth Circuit has held that, "[t]here is no absolute rule for the number of years that can separate evidence of offenses admitted under Rule 404(b)." United States v. Thomas, 398 F.3d 1058, 1062 (8th Cir. 2005). Instead, courts are to examine "the facts and circumstances of each case and apply a reasonableness standard." Id. The Eighth Circuit has upheld the admission of acts committed up to 13 years before the crime charged. Id. (citing United States v. Rush, 240 F.3d 729, 731 (8th Cir. 2001)); see also, United Sates v. Williams, 308 F.3d 833, 837 (8th Cir. 2002) (twenty year-old conviction for armed robbery admitted under Rule 404(b)).

After carefully reviewing the facts and circumstances of this case, the Court finds that evidence that Timothy Birk received methamphetamine from Sandland regularly from November 2006 through February 2007 is relevant to the current charge, similar to the charged conduct in kind and time, and the probative value of the evidence outweighs the danger of unfair prejudice and other considerations under Rule 403. The Court finds that evidence that Timothy Birk received methamphetamine from Sandland regularly from November 2006 through February 2007, is admissible under Rule 404(b). The events of November 2006 through February 2007 are evidence

of past drug involvement which can be relevant to establish knowledge and intent for newly charged drug offenses.  United States v. Ziesman, 409 F.3d 941, 952 (8th Cir. 2005).

### C.       STATEMENTS BY SANDLAND TO OFFICERS ON NOVEMBER 30, 2007

Sandland argues that his statement "I sell," made to law enforcement officers on November 30, 2007, at the time the search warrant was executed, is inadmissible under Rule 404(b) because it is not attributed to a specific time frame.  Sandland does not contend that any of his statements to officers were not voluntarily given and he has filed no motions to suppress the statements.

The Court finds that Sandland's statement to law enforcement officers on November 30, 2007, that "I sell," is not 404(b) evidence.  Sandland's statements to law enforcement officers are relevant and admissible under Rule 801(d)(2) of the Federal Rules of Evidence as an admission. Even if Sandland's statement that "I sell" was considered under Rule 404(b) for similarity in time, the statement provides its own time frame.  Sandland's use of the present tense verb provides the time frame for his actions.  The Court finds that Sandland's statements to law enforcement officers on November 30, 2007, are relevant and admissible.

### III.    CONCLUSION

After carefully reviewing the entire record, the Court finds that evidence of an uncharged incident of distribution of methamphetamine to Lisa Ireland on November 27, 2007, and evidence that Sandland distributed methamphetamine to Timothy Birk from November 2006 through February 2007, is admissible under Rule 404(b) of the Federal Rules of Evidence.  The Court will allow the Government to present evidence of these incidents to demonstrate Sandland's knowledge

or intent.  The Court further finds that evidence of Sandland's voluntary statements made to law enforcement officers on November 30, 2007, are admissible under Rule 801(d)(2) of the Federal Rules of Evidence.  The Court **DENIES** defendant William Sandland's Motion in Limine.  (Docket No. 20).          **IT IS SO ORDERED.**

Dated this 7th day of February, 2008.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court